**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEJANDRO NUNEZ SANCHEZ *on behalf of himself, FLSA Collective Plaintiffs, and the Class,*<br><br>    Plaintiff,<br><br> v.<br><br>AXROFO LLC,<br> d/b/a T-BAR SOUTHAMPTON<br>LENOX ROOM CORP.,<br> d/b/a T-BAR STEAK & LOUNGE,<br>ANGELO TONY FORTUNA,<br>DEREK AXELROD, and<br>DENA K. WEINER,<br><br>    Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

   Plaintiff ALEJANDRO NUNEZ SANCHEZ ("Plaintiff SANCHEZ" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this class and collective action Complaint against Defendants, AXROFO LLC, d/b/a T-BAR SOUTHAMPTON, LENOX ROOM CORP., d/b/a T-BAR STEAK & LOUNGE (collectively, the "Corporate Defendants"), ANGELO TONY FORTUNA, DEREK AXELROD, and DENA K. WEINER, (collectively, the "Individual Defendants"; and together with the Corporate Defendants, "Defendants"), and state as follows:

## INTRODUCTION

1.  Plaintiff alleges, pursuant to the Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to invalid rounding; (2) liquidated damages; and (3) attorney's fees and costs.

2.  Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to invalid rounding; (2) unpaid spread of hours premium; (3) statutory penalties; (4) liquidated damages; and (5) attorney's fees and costs.

3.  Additionally, Plaintiff alleges that pursuant to the NYLL, he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage due to invalid tip credit; (2) unpaid tip credit overtime; (3) unlawfully retained gratuities; (4) statutory penalties; (5) liquidated damages; and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.  Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

6.  At all relevant times herein, Plaintiff, ALEJANDRO NUNEZ SANCHEZ, was and is a resident of New York County, New York.

7.  Defendants collectively own and operate two (2) restaurants at the following locations:

    a) "T-Bar Southampton" - 268 Elm Street, Southampton, New York 11968; and

    b) "T-Bar Steak & Lounge" – 1278 3rd Ave, New York, New York 10021 (collectively, the Restaurants).

8. All the Restaurants are operated as a single integrated enterprise under the common control of the Corporate and Individual Defendants. Specifically, the Restaurants are engaged in related activities, share common ownership, and have a common business purpose.

    a) All Restaurants are under the control of Corporate and Individual Defendants. Specifically, Individual Defendant ANGELO TONY FORTUNA operates the totality of the Restaurants as it asserts on Defendants' website and interviews. *See* **Exhibit A**.

    b) Both Restaurants operate under the common trade name "T-Bar" and display on their website, advertisement, and paraphernalia the similar logo.

    c) Defendants define both Restaurants as "sister Restaurants" *See* **Exhibit A**. Defendants specify that both Restaurants offer the same signature dishes and are intended to serve the same clientele. *See* **Exhibit A**.

    d) The restaurant establishments share suppliers, serve similar goods, and all share similar décor, ambience and appearance. *See* **Exhibit B**.

    e) Additionally, Defendants interchange and instruct their employees to work at any location.

9. Defendants operate the Restaurants through the following Corporate Defendants:

    a) Corporate Defendant, AXROFO LLC, is a domestic business corporation organized under the laws of New York with a principal place of business located at 268 Elm

    Street, Southampton, NY 11968 and an address of service of process located at 1278 3rd Ave, New York, NY 10021.

  b) Corporate Defendant, LENOX ROOM CORP., is a domestic business corporation organized under the laws of New York, with a principal place of business and address of service of process located at 1278 3rd Ave, New York, NY 10021.

10. Individual Defendant ANGELO TONY FORTUNA is the principal and executive officer of all Corporate Defendant entities. ANGELO TONY FORTUNA exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. ANGELO TONY FORTUNA frequently visits the Restaurants. ANGELO TONY FORTUNA exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise, and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurants could complain to ANGELO TONY FORTUNA directly regarding any of the terms of their employment. ANGELO TONY FORTUNA would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. ANGELO TONY FORTUNA exercised functional control over the business and financial operations of Corporate Defendants. ANGELO TONY FORTUNA had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

11. Individual Defendant DEREK AXELROD is a principal and manager of Corporate Defendants. DEREK AXELROD exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. DEREK AXELROD frequently

visits the Restaurants. DEREK AXELROD exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurants could complain to DEREK AXELROD directly regarding any of the terms of their employment, and DEREK AXELROD would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. DEREK AXELROD exercised functional control over the business and financial operations of Corporate Defendants. DEREK AXELROD had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

12. Individual Defendant DENA K. WEINER is a principal and manager of Corporate Defendants. DENA K. WEINER exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. DENA K. WEINER frequently visits the Restaurants. DENA K. WEINER exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurants could complain to DENA K. WEINER directly regarding any of the terms of their employment, and DENA K. WEINER would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. DENA K. WEINER exercised functional control over the business and financial operations of Corporate Defendants. DENA K. WEINER had the power

and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

13. At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA, the NYLL, and regulations thereunder.

14. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt tipped employees (including delivery persons, servers, runners, bussers, bartenders, and barbacks) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in, unpaid overtime and unpaid wages due to invalid rounding. Additionally, Plaintiff and other FLSA Collective Plaintiffs have claims for: (i) unpaid wages, including overtime, due to invalid rounding; (ii) liquidated damages; and (iii) attorney's fees and costs. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their

names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

18. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt tipped employees (including delivery persons, servers, runners, bussers, bartenders, and barbacks) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

19. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are based are presently within the sole control of Defendants, and there is no doubt that there are more than forty (40) members of the Class.

21. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of: (i) failure to pay wages, including overtime, due to invalid rounding; (ii) failure

to pay minimum wage due to invalid tip credit deductions; (iii) failure to pay tip credit overtime; (iv) unlawfully retaining gratuities; (v) failure to pay spread of hours premium; (vi) failure to provide proper wage statements per requirements of the NYLL; (vii) failure to provide proper tip notices to class members; and (viii) failure to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of the NYLL.

22. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

23. With regard to Plaintiff and the Class members, Defendants failed to pay the proper minimum wage because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the NYLL. Plaintiff and the Class members similarly suffered from Defendants' failure to pay the proper minimum wage due to Defendants' invalid tip credit allowance, because Defendants: (i) failed to properly provide tip credit notice at hiring and annually thereafter; (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked during a given shift each workweek; (iii) implemented an invalid tip pooling scheme; (iv) illegally retained tips; (v) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period; and (vi) failed to accurately keep track of daily tips earned and maintain records thereof.

24. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and

competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former

employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the NYLL and applicable state laws;

b. What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

d. Whether Defendants properly notified Plaintiff and Class members of their hourly rates;

e. Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

f. Whether Defendants operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs, and Class members for all hours worked;

g. Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

h. Whether Defendants accurately tracked the amounts of tips earned each day and maintained records thereof;

  i. Whether Defendants caused tipped employees to engage in non-tipped duties exceeding twenty percent (20%) or two (2) hours of their work shift;

  j. Whether Defendants paid Plaintiff and the Class members the tip credit overtime premium for all hours worked in excess of forty (40) each workweek;

  k. Whether Defendants operated their business with a policy of failing to provide compensation for all hours worked due to a policy of rounding Class Members compensable time up and/or down to Class Members' detriment;

  l. Whether Defendants provided proper wage statements informing: (i) tipped employees of the amount of tip credit allowance for each payment period; and (ii) all non-exempt employees of information required to be provided on wage statements as required under the NYLL and applicable state laws; and

  m. Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of the NYLL and applicable state laws.

## STATEMENT OF FACTS

28. In or around April 2021, Plaintiff SANCHEZ was hired by Defendants to work as a barback, runner, and busboy for Defendants' T-Bar Southampton restaurant located at 268 Elm Street, Southampton, NY 11968. Plaintiff was employed by Defendants until in or around September 15, 2021.

29. During his employment, Plaintiff SANCHEZ was scheduled to work five (5) days per week, as follows:

  i) On Wednesdays and Thursdays, from 3:00 p.m. to 12:00 a.m., for a total of nine (9) hours per day;

      ii)      On Fridays and Saturdays from 2:30 p.m. to 1:30 a.m., for a total of eleven (11) hours per day; and

      iii)      On Sundays from 2:30 p.m. to 11:30 p.m., for a total of nine (9) hours per day.

Plaintiff worked a total of forty-nine (49) hours per week. Class members had similar schedules and worked similar amounts of hours.

30. Throughout Plaintiff SANCHEZ's employment with Defendants, his compensation varied depending on Defendants' needs:

a) From 5/17/2021 to 5/23/2021, Plaintiff was compensated at a rate of fifteen dollars ($15) per hour;

b) From 5/24/2021 to 5/30/2021, Plaintiff was compensated on a tip credit basis of ten dollars ($10) per hour;

c) From 5/31/2021 to 8/1/2021, Plaintiff was compensated at a rate of fifteen dollars ($15) per hour;

d) From 8/2/2021 to 8/8/2021, Plaintiff was compensated on a tip credit basis of ten dollars ($10) per hour;

e) From 8/9/2021 to 8/22/2021, Plaintiff was compensated at a rate of fifteen dollars ($15) per hour; and

f) From 8/23/2021 to 8/29/2021. Plaintiff was compensated on a tip credit basis of ten dollars ($10) per hour. *See* **Exhibit C**.

31. During Plaintiff's employment, Defendants never provided him with a notice regarding his wages. Defendants never informed Plaintiff whether he was or was not a tipped

employee. According to Plaintiff's paystubs, Plaintiff was randomly paid on a minimum wage rate, and other weeks on a tip credit basis. *See* **Exhibit C**

32. Moreover, when Plaintiff was compensated at a tipped credit minimum wage, Defendants did not properly compensate Plaintiff for tip credit. As a result, Plaintiff was paid below the minimum wage while Defendants claimed an invalid tip credit.

33. Furthermore, when Defendants compensated Plaintiff on a tip credit basis, Defendants did not compensate Plaintiff his corresponding tip credit overtime wages for each hour worked in excess of forty (40) per workweek. Similarly, Class members were not compensated for their overtime wages when Defendants paid them on a tip credit basis.

34. When Defendants compensated Plaintiff at the tipped credit minimum wage rate, Defendants were not entitled to claim any tip credit allowance under the NYLL because Defendants: (i) failed to properly provide tip credit notice at hiring and annually thereafter; (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties in excess of two hours or twenty percent (20%) of the total hours worked each shift; (iii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period; and (iv) failed to accurately keep track of daily tips earned and maintain records thereof.

35. Specifically, Plaintiff was required to engage in more than two (2) hours or twenty percent (20%) of his working time performing non-tipped related activities, such as polishing silverware and glass, cutting and garnishing bread and fruits, accepting and unloading deliveries, and organizing the cellar, among others. Defendants required Plaintiff and Class members to engage in non-tipped activities in excess of two (2) hours or twenty percent (20%) of the total

hours worked each shift. Defendants improperly claimed tip credit for all hours worked by tipped employees.

36. When Plaintiff was compensated on a tip credit basis, there was a regular claim among Plaintiff and Class members that Defendants were not distributing the tips properly. It is Plaintiff and Class members' belief that managers and chefs participate in tip pooling. Defendants failed to inform Plaintiff and Class members that all tips received by them are to be retained by them, except pursuant to a valid tip pooling arrangement in violation of the NYLL.

37. At all times, Plaintiff never received payments for all his worked hours due to Defendants' invalid rounding policies. Because of this practice, Plaintiff, FLSA Collective Plaintiffs, and Class members were never compensated for all hours worked during the week.

38. Moreover, Defendants had a policy of detrimentally rounding Plaintiff's hours. When Plaintiff began working before his scheduled time, Defendants rounded up Plaintiff's time. After Plaintiff finished his shift, Defendants rounded down Plaintiff's worked time. This impermissible rounding may be seen in Plaintiff's records. *See* **Exhibit C**. On a regular basis, Defendants unlawfully rounded Plaintiff's, FLSA Plaintiffs' and Class Members' worked time.

39. During his employment by Defendants, Plaintiff regularly worked shifts exceeding ten (10) hours in duration. However, he never received any spread of hours premium for working such shifts, as required under the NYLL. Similarly, Class Members regularly worked shifts exceeding ten (10) hours in duration and were never paid spread of hours premium.

40. At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper wage statements as required by the NYLL.

41. At no time during the relevant periods did Defendants provide Plaintiff or Tipped Class members with proper tip notices as required by the NYLL.

42. At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper wages notices, at the beginning of employment and annually thereafter as required by the NYLL.

43. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

44. Defendants knowingly and willfully operated their business with a policy of not paying the proper tip credit overtime rate thereof for all hours worked to Plaintiff, FLSA Collective Plaintiffs, and Class members in violation of the NYLL.

45. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by the NYLL.

46. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

47. Plaintiff realleges and reavers Paragraphs 1 through 46 of this Class and Collective Action Complaint as fully set forth herein.

48. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs

within the meaning of the FLSA.

50. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

51. At all relevant times, Defendants had a policy and practice that failed to pay wages, including overtime, to Plaintiff and FLSA Collective Plaintiffs due to invalid rounding.

52. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case, and if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

53. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs proper wages, when Defendants knew or should have known such was due.

54. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

55. As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

56. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to invalid rounding; plus an equal amount as liquidated damages.

57. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

58. Plaintiffs reallege Paragraphs 1 through 57 of this Class and Collective Action Complaint as if fully set forth herein.

59. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

60. At all relevant times, Defendants engaged in a policy and practice of unlawfully failing to pay Plaintiff and Class members their wages, including overtime, due to Defendants' invalid rounding policies.

61. At all relevant times, Defendants engaged in a policy and practice of unlawfully failing to pay Plaintiff and Class members the corresponding spread of hours premium.

62. Defendants engaged in a policy and practice of refusing to pay Plaintiff and Class members the prevailing minimum wage due to invalid tip credit.

63. Defendants engaged in a policy and practice of refusing to pay Plaintiff and Class members their corresponding tip credit overtime.

64. Defendants willfully violated the rights of Plaintiff and Class members by retaining gratuities, in direct violation of the NYLL.

65. Defendants failed to properly notify employees of their tips and tip pooling policies, in direct violation of the NYLL.

66. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper wage notice, at date of hiring and annually thereafter, as required under the NYLL.

67. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper tip notices, at date of hiring and annually thereafter, as required under the NYLL.

68. Defendants knowingly and willfully operated their business with a policy of not providing wage statements, as required under the NYLL.

69. Due to Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages due to tip credit, tip compensation due to invalid tip pooling, unlawful retained gratuities, damages for unreasonably delayed payments, reasonable attorney's fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to the NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due to invalid rounding pursuant the FLSA and the NYLL;

d. An award of unpaid spread of hours premium pursuant to the NYLL;

e. An award of unpaid wages due to invalid tip credit deductions under the NYLL;

f.  An award of statutory penalties, prejudgment, and post judgment interest, costs, and expenses of this action together with reasonable attorney's fees, and expert fees and statutory penalties;

g.  Designation of Plaintiff as Representative of FLSA Collective Plaintiffs;

h.  Designation of Plaintiff as Representative of the Class members;

i.  Designation of this action as a class action pursuant to F.R.C.P. 23;

j.  Designation of Plaintiff as Representative of the Class; and

k.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: January 11, 2022
New York, New York

Respectfully submitted,

By: /s/ *CK Lee*
C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs*
*and the Class*